**In re William Clifton BRICE, Debtor.**

**Bankruptcy No. 2–83–00466.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Sept. 8, 1987.

William A. Semons, Columbus, Ohio, for debtor.

Lea Ann Sterling, Spater, Gittes & Terzian, Columbus, Ohio, for Geneva Brice.

## ORDER DENYING MOTION TO REOPEN CASE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a motion filed on behalf of debtor, William Clifton Brice, seeking to reopen this closed Chapter 7 bankruptcy case to accord relief to the debtor pursuant to 11 U.S.C. § 350. The motion was orally opposed on behalf of Geneva Brice, the debtor's ex-wife, and was heard by the Court.

William and Geneva Brice were divorced in 1977. The terms of the divorce decree in that action obligated William Brice to pay an obligation of both parties to Ohio Central Financial Services, Inc. ("Central") for a car awarded to him.

In 1983, William Brice filed his Chapter 7 bankruptcy case. He listed Central as a creditor, but failed to list Geneva Brice. William Brice claims that Geneva Brice was, nevertheless, actually aware of his bankruptcy case. Geneva Brice denies that knowledge.

Recently, Geneva Brice learned that Central had a judgment lien against her home for the obligation that William Brice discharged in his bankruptcy for which her liability remains. That realization apparently prompted her to bring an action for contempt in the Domestic Relations Division of The Court of Common Pleas, Franklin County, Ohio. The issue of the dischargeability of William Brice's obligation to hold his ex-wife harmless was raised in that proceeding, and that court determined that the debtor's obligation to Geneva Brice survived his bankruptcy. That order was not appealed. If this case is successfully reopened, William Brice intends to remove to this Court that action which resulted in a judgment of contempt against him.

Regardless of the correctness of the Domestic Relations Court's determination of the dischargeability of William Brice's obligation to Geneva Brice, this Court believes it would be inappropriate to reopen a case for the purpose of considering an issue of the dischargeability of a debt where there has been a post-petition judgment by another court in which the issue of the dischargeability of that debt has been determined. Consideration of that issue by this Court at this time would be an inappropriate use of its powers.

Dischargeability issues over which the Bankruptcy Court's jurisdiction is concurrent with that of the state courts are often litigated in the first forum in which an action is initiated after the bankruptcy case has been concluded. Once that issue of dischargeability has been conclusively determined by a court of competent jurisdiction, neither this court nor any other court is free to reopen that judgment. While that result may, in certain circumstances, reward the party who first selects the forum to test the dischargeability issue, the non-exclusivity of jurisdiction over the dischargeability of certain obligations mandates that result.

Consistent with the foregoing, the Court finds that no relief could be afforded to William Brice by reopening this case. Accordingly, the motion to reopen is, hereby, DENIED.

IT IS SO ORDERED.